IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD CARRINGTON WILLIAMS )
) 1-499
)
v.

PHILLIP L. JOHNSTON

**MEMORANDUM ORDER**

Before the Court is Mr. Williams' "Request for Reconsideration Under Extraordinary Circumstances," seeking reconsideration of this Court's February 16, 2018 Order denying his request for Rule 60 relief against Barry Smith, Superintendent SCI-Houtsdale, and the District Attorney of Allegheny County. In that Order, I explained that this civil action number relates to Mr. Williams' habeas proceeding, which was both initiated and closed in 2001. The Rule 60 Motion was denied because Mr. Williams stated no grounds that would warrant consideration of his petition, filed on November 30, 2017, even assuming that he could proceed against the Defendants named in his Motion. Again, I consider Mr. Williams' request according to liberal standards applicable to pro se litigants.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). A motion for reconsideration is not a mechanism for relitigating a matter that the court has already disposed of; instead, it is appropriate only when there has been a significant change in law or facts since the court ruled, or if the court has

misunderstood a party.  Breslin v. Dickinson Twp., No. 09-1396, 2011 U.S. Dist. LEXIS 54420, at *10 (M.D. Pa. May 19, 2011).

Mr. Williams seeks reconsideration based on his assertion that he has diligently, on an ongoing basis, sought relief.  He asserts that to date, the Court has not considered his claims of ineffective assistance, and that the only thing on which his conviction was based was the "highly suspect testimony" of a witness named Popson.  According to Mr. Williams, Popson's testimony is suspect because Popson followed Mr. Williams to the police station after his arrest, and was only able to identify Mr. Williams when he was shackled in the courtroom.  Further, he asserts that his counsel should have presented the testimony of his barber.   Defendant states that he has continually asserted his innocence, and that Satterfield v. DA Phila., 872 F.3d 152 (3d Cir. 2017),and McQuiggin v. Perkins, 569 U.S. 383, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), entitle him to relief.

Under McQuiggin, a credible showing of actual innocence may serve to overcome the one-year time limitation imposed by 28 U.S.C. § 2255. Satterfield, 872 F. 2d at 154.  In Satterfield, our Court of Appeals considered McQuiggin in the Rule 60 context, and stated that "[w]henever a petitioner bases a Rule 60(b)(6) motion on a change in decisional law, the court should evaluate the nature of the change along with all of the equitable circumstances and clearly articulate the reasoning underlying its ultimate determination." Id. at 162.  To overcome time limitations, McQuiggin obliges a petitioner to accomplish a "burdensome task" -- to "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Id. at 163 (quoting McQuiggin, 133 S. Ct. 1924, 1935).

I have considered Mr. Williams' recent submissions according to liberal standards applicable to pro se pleadings, and reaffirm my February 16, 2018 Order. He has not pointed to any new evidence, or explained why he has not sought judicial relief since 2001. Each circumstance to which he points was apparent at the time of trial. In terms of "new" decisional law, <u>McQuiggan</u> and <u>Satterfield</u> stand for the proposition that a credible claim of actual innocence can affect a motion's timeliness. They do not, however, buttress the underlying substance of Mr. Williams' Motions. In addition, there are no grounds for concluding that no reasonable juror, considering the evidence to which Mr. Williams points, could have found him guilty beyond a reasonable doubt. Mr. Williams' petitions simply do not identify the type of extraordinary circumstances contemplated by applicable standards. Under all of the circumstances, and considering all the equities, Mr. Williams' Rule 60 request remains untimely. For these reasons, his Request for Reconsideration is denied.

AND NOW, this 8th day of March, 2018, IT IS SO ORDERED.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose

Judge, U.S. District Court